STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LONNIE L. MORRIS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0900**  (BOR Appeal No. 2050263)
                    (Claim No. 2013005837)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lonnie L. Morris, by John Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Raleigh County Board of Education, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 1, 2015, in which the Board affirmed a February 13, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 21, 2012, decision closing Mr. Morris's claim for temporary total disability benefits, and the Office of Judges granted Mr. Morris additional temporary total disability benefits from December 21, 2012, through January 21, 2013.[1] The Office of Judges also reversed the claims administrator's September 9, 2013, decision holding Mr. Morris's claim for workers' compensation benefits compensable for a groin sprain only, and the Office of Judges added a shoulder sprain and a lumbar sprain as compensable components of the claim.[2] Additionally, the Office of Judges affirmed the claims administrator's October 24, 2013, decision denying a request for authorization of conservative treatment consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace. Finally, the Office of Judges affirmed a separate claims administrator's decision dated October 24, 2013, denying a request for authorization of a surgical exploration of the abdomen, scrotoplasty, and orchiopexy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

---

[1] The Office of Judges' decision granting additional temporary total disability benefits was not appealed to this Court.
[2] The Office of Judges' decision adding a lumbar sprain and a shoulder sprain as compensable components of the claim was not appealed to this Court.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Morris injured himself on August 27, 2012, while manipulating the door of a storage compartment located on the side of a school bus. The following day, he sought treatment with Samuel Stewart, D.O., who diagnosed him with a right shoulder sprain, a lumbar sprain, and pain in the right groin. On September 4, 2012, the claims administrator held Mr. Morris's claim for workers' compensation benefits compensable for a lumbar sprain, a shoulder sprain, and a groin sprain.[3] Following continued pain in the right groin, Mr. Morris was examined by Scott Kilmer, M.D., who diagnosed Mr. Morris with a retracted right testicle and referred him for a urology consultation. At Dr. Kilmer's request, Mr. Morris was evaluated on September 10, 2012, by Lynetta Payne, D.O., who diagnosed Mr. Morris with orchiaglia and an undescended right testicle, and recommended a surgical exploration of the abdomen, a scrotoplasty, and a simple orchiopexy.[4] Dr. Payne performed the surgical procedures on September 14, 2012, and her post-operative diagnosis was a traumatic right testicular retraction. Following the surgical procedure, Mr. Morris sought chiropractic care with Michael Kominsky, D.C. Dr. Kominsky diagnosed Mr. Morris with a right shoulder sprain, a right rotator cuff sprain, a lumbar sprain, and a groin sprain. He recommended a course of conservative treatment consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace.

Sushil Sethi, M.D., performed an independent medical evaluation on October 26, 2012, and authored a report detailing his findings on the same date. Dr. Sethi opined that Mr. Morris did not sustain a traumatic retraction of the right testicle based upon his determination that Mr. Morris's medical history demonstrates that the condition has been present for more than fifty years. He further noted that Dr. Payne's operative report indicated that the testicle was entrapped in dense scar tissue which, he opined, was present for an extended period of time. Dr. Sethi also opined that the surgical procedures performed by Dr. Payne are unrelated to the work-related injury. Finally, Dr. Sethi opined that Dr. Kominsky's request for treatment involving the lumbar

---

[3] On September 9, 2013, the claims administrator issued a decision correcting its September 4, 2012, decision to reflect that the only compensable diagnosis is a groin sprain. In its February 13, 2015, decision, which is the subject of the instant appeal, the Office of Judges reversed the September 9, 2013, claims administrator's decision and held the claim compensable for a lumbar sprain and a shoulder sprain, in addition to the groin sprain. This portion of the Office of Judges' Order was not appealed by either party.

[4] The claims administrator initially granted authorization for these procedures. However, following the receipt of additional evidence, the claims administrator withdrew the authorization.

spine is inappropriate, and further opined that the diagnosis of a lumbar sprain should have resolved long ago.[5]

On October 24, 2013, the claims administrator denied Dr. Kominsky's request for authorization of conservative treatment consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace. In a separate decision dated October 24, 2013, the claims administrator denied Dr. Payne's request for authorization of a surgical exploration of the abdomen, a scrotoplasty, and an orchiopexy.

Amid his continued complaints of pain in the right groin area, Mr. Morris sought treatment with Ashok Bhalodi, M.D., on February 14, 2014. Dr. Bhalodi also diagnosed Mr. Morris with an undescended right testicle. He noted that Mr. Morris reported undergoing a bilateral orchiopexy during childhood, and opined that Mr. Morris was likely born with undescended testicles. Dr. Bhalodi was deposed on June 16, 2014, at which time he clarified the findings of his physical examination. He opined that following Mr. Morris's childhood orchiopexy, he developed scar tissue which pulled his testes into his groin and caused him to develop groin pain. Dr. Bhalodi further opined that this condition occurred a second time following the procedure performed by Dr. Payne.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 20, 2014, and authored a report memorializing his findings on October 27, 2014. He opined that the claims administrator properly denied the request for authorization of the surgical procedure performed by Dr. Payne. Dr. Mukkamala noted that Mr. Morris was diagnosed with undescended testes in childhood. He then opined that the surgical procedure performed during Mr. Morris's childhood for the treatment of this condition resulted in the development of scar tissue, which caused the condition to reoccur. Dr. Mukkamala further opined that the claims administrator properly denied Dr. Kominsky's request for authorization of conservative treatment. He noted that Mr. Morris's medical record reveals an extensive history of prior back problems and opined that the evidence of record fails to demonstrate that the requested treatment is related to the compensable injury.

The Office of Judges affirmed both decisions of the claims administrator dated October 24, 2013, denying requests for authorization of the conservative treatment requested by Dr. Kominsky and the surgical treatment requested by Dr. Payne.[6] The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 1, 2015. On appeal, Mr. Morris asserts that the evidence of record demonstrates that the treatment requested by Dr. Kominsky and Dr. Payne constitutes reasonable and necessary medical treatment in relation to the compensable injury.

---

[5] Dr. Sethi did not discuss Dr. Kominsky's treatment recommendation for the right shoulder.

[6] Once again we note that the portions of the Office of Judges' Order adding a shoulder sprain and lumbar sprain as compensable diagnoses and granting additional temporary total disability benefits were not appealed to this Court.

3

Regarding the request for authorization of a surgical exploration of the abdomen, a scrotoplasty, and an orchiopexy, the Office of Judges noted that the only compensable diagnosis involving the abdomen is a right groin sprain. The Office of Judges specifically relied upon the testimony of Dr. Bhalodi, who opined that Mr. Morris's undescended right testicle initially was present at birth, only to reoccur later in life. The Office of Judges then determined that the record provides no indication that Mr. Morris's testicular problem is attributable in any way to the compensable injury.

Regarding the request for authorization of conservative management consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace, the Office of Judges found that when Dr. Kominsky's range of motion measurements obtained on January 21, 2013, are compared with those obtained during an independent medical evaluation performed prior to the compensable injury, the findings suggest that Mr. Morris reached maximum medical improvement prior to Dr. Kominsky's treatment request. Based upon this finding, the Office of Judges concluded that the evidentiary record does not provide any indication that Mr. Morris derived any benefit from the physical medicine treatments. Finally, the Office of Judges found that Mr. Morris complained of lower back and lower extremity pain prior to the compensable injury, and therefore concluded that the evidence of record fails to demonstrate that the remaining treatment requests are medically necessary or reasonably required for the treatment of the compensable injury.

We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review, regarding the denial of Dr. Payne's request for authorization of a surgical exploration of the abdomen, a scrotoplasty, and an orchiopexy. However, we disagree with the reasoning and conclusions of the Office of Judges and Board of Review regarding the denial of Dr. Kominsky's request for authorization of conservative management consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace. The Office of Judges reversed the September 9, 2013, claims administrator's decision holding the claim compensable for a groin sprain only, and added a shoulder sprain and a lumbar sprain as compensable diagnoses. Dr. Kominsky requested authorization of the conservative treatment at issue for the purpose of treating the very diagnoses which the Office of Judges concluded are compensable injuries. It is therefore illogical that the Office of Judges would deny authorization of treatment requested for the treatment of the very diagnoses it concluded are compensable injuries in the absence of clear evidence indicating that the treatment is not warranted. Although the Office of Judges concluded that Mr. Morris's condition was not improving while receiving treatment from Dr. Kominsky, and cited this as the reason for denying the treatment request, Dr. Kominsky's treatment notes indicate that Mr. Morris was continuing to improve under while under his care. For example, in a treatment note dated November 9, 2012, Dr. Kominsky opined that Mr. Morris had experienced approximately a 30% improvement in his condition while undergoing chiropractic treatment. Additionally, Dr. Kominsky's treatment request included requests for authorization of diagnostic testing, which he feels is necessary in order for him to assess the true nature of Mr. Morris's condition. The Office of Judges relied upon Dr. Kominsky's opinion in determining that a lumbar sprain and right shoulder sprain should be added as compensable diagnoses, and it is a misconstruction of the evidentiary record for the Office of Judges to rely on Dr. Kominsky's opinion as Mr. Morris's treating chiropractic

4

physician regarding the compensability of the lumbar and right shoulder sprains but refuse to authorize the treatment recommended by him regarding the compensable diagnoses.

For the foregoing reasons, we find that the decision of the Board of Review is based, in part, upon a mischaracterization of the evidentiary record. The Board of Review erred in affirming the Office of Judges' decision affirming the denial of Dr. Kominsky's request for authorization of conservative management consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace. Therefore, the decision of the Board of Review is reversed, in part, and the claim is remanded with instructions to grant Dr. Kominsky's request for authorization of conservative management consisting of twenty physical medicine treatments, a lower body EMG, a right shoulder MRI, and an LSO brace. The remainder of the Board of Review's Order, namely its affirmation of the denial of Dr. Payne's request for authorization of a surgical exploration of the abdomen, a scrotoplasty, and an orchiopexy, is affirmed.[7]

Affirmed, in part, reversed and remanded, in part.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[7] Our decision does not address the portions of the Order of the Board of Review affirming the Office of Judges' decision to add a shoulder sprain and lumbar sprain as compensable diagnoses and granting additional temporary total disability benefits, as they were not appealed to this Court.